IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ROBERT R. BRINSON, M.D.,   )
                           )
      Plaintiff,           )
                           )      CIVIL ACTION NO.
      v.                   )       2:20cv395-MHT
                           )          (WO)
JACKSON HOSPITAL and       )
CLINIC, INC., et al.,      )
                           )
      Defendants.          )
```

ORDER

This lawsuit, which was removed from state to federal court based on federal-question jurisdiction, 28 U.S.C. §§ 1331, 1441, is now before the court on plaintiff's motion to remand. In this case, a gastroenterologist is suing the leadership of Jackson Hospital, where he works, under various tort theories for allegedly slandering him, instigating a false prosecution against him, and conspiring to oust him from the hospital because he refused to sell them his practice and complained about various aspects of their medical practice and leadership. Defendants removed the case to this court via § 1331

federal-question jurisdiction on the theory that a federal question is raised by the complain--even though it contains only state law claims--for two reasons: first, because, among the long list of alleged motives for the retaliation, plaintiff mentions that he complained about defendants violating federal law; and, second, because defendants say (incorrectly) that the Health Care Quality Improvement Act, which regulates the hospital peer review process, preempts certain parts of plaintiff's retaliation claims. Neither suffices to convey jurisdiction.

The court therefore agrees with plaintiff that this case should be remanded to state court. No federal question arises on the face of plaintiff's properly pleaded complaint, and no substantial question of federal law is necessarily raised by it. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013). Nor does federal law preempt plaintiff's claims. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1311 (11th Cir. 2001).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (doc. no. 6) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 23rd of September, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE